## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CR-80204-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA,

       v.

STUART HANKIN,

       Defendant.

_____/

## PLEA AGREEMENT

The United States of America and Stuart Hankin ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.  The defendant understands his rights:

    (a)    to be represented by an attorney;

    (b)    to plead not guilty to any criminal charge brought against him;

    (c)    to have a trial by jury, at which he would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

    (d)    to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

    (e)    not to be compelled to incriminate himself;

    (f)    to appeal his conviction, if he is found guilty; and

    (g)    to appeal the imposition of sentence against him.

1

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in subparagraphs 1(b)-(f) above.  The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or 2255, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended Guidelines in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court.  This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).  Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.  Consistent with Fed. R. Crim. P. 11(b)(1)(O), the defendant recognizes that if he is not a citizen of the United States pleading guilty may have consequences with respect to his immigration status, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future.  Pursuant to Fed. R. Crim. P. 11(c), the defendant will plead guilty to the one-count Indictment filed in the United States District Court for the Southern District of Florida on November 2, 2017.  The Indictment charges the defendant with participating in a combination and conspiracy to suppress and eliminate competition by rigging bids and allocating the market for properties sold during online property foreclosure auctions in Palm Beach County, in the Southern District of Florida, beginning in or around January 2012 and continuing into or around June 2015, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

2

3.      The defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.  The United States agrees that it will stipulate to the release of the defendant on his personal recognizance, pursuant to 18 U.S.C. § 3142, pending the sentencing hearing in this case.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.      Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)      For purposes of this Plea Agreement, the "relevant period" is that period from in or around January 2012 and continuing into or around June 2015. During the relevant period, the defendant was co-owner and officer of Company B, an entity organized and existing under the laws of Florida, and with its principal place of business in Palm Beach Gardens, Florida.  During the relevant period, Company B engaged in the purchase of properties sold during online property foreclosure auctions, including in Palm Beach County, Florida.  Company B purchased properties through its own name, as well as that of its other owner, Christopher Graeve.  During the relevant period, Company B's and Graeve's purchases of properties sold during online property foreclosure auctions in Palm Beach County affected U.S. commerce totaling at least $16 million.  Defendant is responsible for $8 million of that affected U.S. commerce.

(b)      During the relevant period, the defendant participated in a conspiracy with other persons and entities engaged in the purchase of properties sold during online property foreclosure auctions in Palm Beach County, Florida, the primary purpose of which was to suppress and eliminate competition by rigging bids and allocating the

3

market for properties sold during online property foreclosure auctions in Palm Beach County, Florida.  In furtherance of the conspiracy, the defendant communicated – by telephone, text, and in person – with other purchasers, or representatives of other purchasers, of properties sold during online property foreclosure auctions in Palm Beach County, Florida.  During these discussions, agreements were reached to suppress and eliminate competition in the purchase of properties sold during online property foreclosure auctions in Palm Beach County, Florida.

(c)     During the relevant period, the business activities of Company B, defendant, and their co-conspirators in connection with the purchase of properties sold during online property foreclosure auctions in Palm Beach County, Florida that were the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(d)     Acts in furtherance of this conspiracy were carried out within the Southern District of Florida.  The conspiratorial discussions described above took place in the United States, and discussions, and at least one meeting which was attended by the defendant, occurred in this District.  In addition, properties sold during online property foreclosure auctions in Palm Beach County and that were the subject of this conspiracy were purchased by one or more of the conspirators in this District.

## ELEMENTS OF THE OFFENSE

5.     The elements of the charged offense are that:

(a)     the conspiracy described in the Indictment existed at or about the time alleged;

(b)     the defendant knowingly became a member of the conspiracy; and

4

(c)     the conspiracy described in the Indictment either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

## POSSIBLE MAXIMUM SENTENCE

6.     The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a)     a term of imprisonment for ten (10) years (15 U.S.C. § 1);

(b)     a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

(c)     a term of supervised release of three (3) years following any term of imprisonment.  If the defendant violates any condition of supervised release, the defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

7.     In addition, the defendant understands that:

(a)     pursuant to U.S.S.G. §5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may order him to pay restitution to the victims of the offense; and

(b)     pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.      The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed.  The parties agree there is no *ex post facto* issue under the 2016 Guidelines Manual.  The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence.  The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).  Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

9.      Pursuant to Fed. R. Crim P. 11(c)(1)(B) and subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 17 of this Plea Agreement, the United States and the defendant agree that the following Sentencing Guidelines apply for Count One (15 U.S.C. § 1) ("recommended Guidelines"):

(a)      Base Offense Level, U.S.S.G. §2R1.1(a):                    12

    (b)    Specific Offense Characteristics:

        Conduct involved agreement to submit
noncompetitive bids, U.S.S.G. §2R1.1(b)(1):        +1

        Volume of Commerce (stipulated to be $8 million
for defendant) U.S.S.G. §2R1.1(b)(2)(A):        +2

Total:        15

Fine calculated as one to five percent of the volume of
commerce (stipulated to be $8 million for defendant),
but not less than $20,000, U.S.S.G. §2R1.1(c)(1):    $80,000-$400,000

    (c)    The defendant understands that the Court will order him to pay a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

10.    The United States agrees that it will make a motion, pursuant to U.S.S.G. §3E1.1, for a downward adjustment of two levels for acceptance of responsibility due to the defendant's timely notification of his intention to enter a guilty plea. The United States will not seek any other Adjustments under Chapter Three of the Sentencing Guidelines. Therefore, the total Guidelines calculations result in an adjusted offense level of 13 and a fine range of $80,000-$400,000. The United States will not recommend a fine greater than 2% of volume of commerce (i.e., $160,000).

11.    The United States and the defendant agree to recommend that the Court order the defendant to pay restitution in the amount of $160,000 pursuant to U.S.S.G. §5E1.1(a). The defendant agrees that he will not seek to reduce this agreed restitution amount based on any fine ordered by the Court. The defendant understands that this Plea Agreement is voidable by the government if he fails to pay restitution as ordered by the Court. The defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

7

12.     The defendant understands that the United States will oppose any recommendation that does not include the agreed restitution, and a fine and a sentence of imprisonment within the Guidelines range.  The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0.  The parties agree that the government may seek a sentence anywhere within the Guidelines range.  The parties also agree that the defendant is free to recommend any sentence based on 18 U.S.C. § 3553(a), but may not challenge the recommended Sentencing Guidelines set forth in Paragraph 9, nor any factual support for the application of those Guidelines.

13.     The defendant understands that the sentence to be imposed on him is within the sole discretion of the sentencing judge.  The United States cannot and does not make any promises or representations as to what sentence he will receive, and is free to recommend any specific sentence to the Court within the Guidelines range for imprisonment and fine.  However, the United States will inform the Probation Office and the Court of:  (a) this Agreement; (b) the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which the United States deems relevant to sentencing; and (c) the nature and extent of the defendant's cooperation with the United States.  In so doing, the United States may use any information it deems relevant, including information provided by the defendant both prior and subsequent to the signing of this Agreement.  The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the criminal violation charged in the attached Information, the participation of the defendant therein, and any other

facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of the defendant, and to supply any other information that the Court may require.

14.     If the United States determines that the defendant has provided substantial assistance in any investigations or prosecutions, and has otherwise fully complied with all of the terms of this Plea Agreement, it will file a motion, pursuant to U.S.S.G. §5K1.1 or Fed. R. Crim. P. 35(b), advising the sentencing judge of all relevant facts pertaining to that determination and requesting that the Court sentence the defendant in light of the factors set forth in U.S.S.G. §5K1.1(a)(1)-(5). The defendant acknowledges that the decision whether he has provided substantial assistance in any investigations or prosecutions and has otherwise complied with the terms of this Plea Agreement is within the sole discretion of the United States. It is understood that, should the United States determine that the defendant has not provided substantial assistance in any investigations or prosecutions, or should the United States determine that the defendant has violated any provision of this Plea Agreement, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. §5K1.1, but will not entitle the defendant to withdraw his guilty plea once it has been entered. The defendant further understands that, whether or not the United States files a motion pursuant to U.S.S.G. §5K1.1, the sentence to be imposed on him remains within the sole discretion of the sentencing judge.

15.     Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 17 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and his commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the

charged offense, and all other relevant conduct.  To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the defendant will not oppose, that sentencing be postponed until his cooperation is complete.

16.     The United States and the defendant understand that the Court retains complete discretion to accept or reject either party's sentencing recommendation provided for in Paragraph 9 of this Plea Agreement.  The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose either party's sentencing recommendation contained in this Agreement, he nevertheless has no right to withdraw his plea of guilty.

### DEFENDANT'S COOPERATION

17.     The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the purchase of properties sold during online property foreclosure auctions in Palm Beach County and any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from such investigation to which the United States is a party (collectively "Federal Proceeding").  Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding.

The full, truthful, and continuing cooperation of the defendant will include, but not be limited to:

        (a)     producing all documents, including claimed personal documents, and

other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, in the possession, custody, or control of the defendant, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

      (b)     making himself available for interviews not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

      (c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

      (d)     otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he may have that is related to any Federal Proceeding; and

      (e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*).

11

## GOVERNMENT'S AGREEMENT

18.     Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 17 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the purchase of properties sold during online property foreclosure auctions in Palm Beach County, Florida (the "Relevant Offense").  The non-prosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

## REPRESENTATION BY COUNSEL

19.     The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation.  The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement.  After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

20.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 17 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

13

22.     The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement because of the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him.  In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

23.     This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

24.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

25.     A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: _6/18/18_                    Respectfully submitted,


BY: _____        BY: _____
    STUART HANKIN                       Paul T. Gallagher, # A5501646
    Defendant                           Samson Asiyanbi, # A5502388
                                        James W. Attridge, # A5502389
                                        Yusong Huang, # A5502406
                                        U.S. Department of Justice
    _____             Antitrust Division
    David Markus, Esq.                  450 5th Street, NW
    Attorney for Stuart Hankin          Washington, DC  20530
                                        Tel: 202-532-4570
                                        Fax: 202-514-6525
                                        Paul.Gallagher2@usdoj.gov


15

## ENTIRETY OF AGREEMENT

23.    This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea agreement cannot be modified except in writing, signed by the United States and the defendant.

24.    The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

25.    A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: 6/15/18                          Respectfully submitted,

BY: _____          BY: _____
      STUART HANKIN                            Paul T. Gallagher, # A5501646
      Defendant                                Samson Asiyanbi, # A5502388
                                               James W. Attridge, # A5502389
                                               Yusong Huang, # A5502406
      _____                U.S. Department of Justice
      David Markus, Esq.                        Antitrust Division
      Attorney for Stuart Hankin               450 5th Street, NW
                                               Washington, DC  20530
                                               Tel: 202-532-4570
                                               Fax: 202-514-6525
                                               Paul.Gallagher2@usdoj.gov

15